UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL URIARTE-LIMON,<br><br>Plaintiff,<br><br>v.<br><br>CHULA VISTA CAR AUDIO INC., a California corporation; GALE GERALD FICK, as an individual and trustee of the KOBE ENTERPRISES TRUST 12-22-22; and DOES 1 through 10,<br><br>Defendants. | Case No.: 3:24-cv-00559-JAH-DTF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 8]** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint, which brings causes of action under the ADA and California's Unruh Act, for lack of subject matter jurisdiction. *See* ECF No. 8-1 ("Motion" or Mot.").

## BACKGROUND

Defendants filed the instant Motion on May 9, 2025. Mot. at 1. In their Motion, Defendants claim Plaintiff's ADA claims are moot because Defendants have already completed remedial measures to cure Plaintiff's alleged violations. Mot. at 12. Furthermore, Defendants ask the Court to decline supplemental jurisdiction over Plaintiff's Unruh claims because Plaintiff is a "high frequency litigant"—as defined by California law—and would be subject to California's heightened pleading standards in state court. *Id*.

1

at 15-17.  Defendants' Motion is set for oral argument before this Court on June 25, 2025, at 2:30 p.m.  However, as of June 23, 2025, Plaintiff has failed to submit any responsive briefing.

## DISCUSSION

In the Southern District of California, failure to file an opposition no later than fourteen calendar days prior to the noticed hearing "may constitute a consent to the granting of a motion[.]" CivLR 7.1.f.3.c; *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to timely file opposition papers).  Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

After a review of the record, the Court finds the second and third factors weigh in favor of dismissal.  Plaintiff failed to comply with one of the most basic requirements of litigation and to date has offered no excuse for failing to respond to Defendants' Motion.  The fact that Plaintiff has yet to make any attempt to address the motion also supports a finding of prejudice towards defendants and weights in favor of dismissal.  Finally, with respect to whether less drastic measures have been considered, in the interest of lessening the sanction imposed on Plaintiff, the Court will dismiss the action without prejudice.  Thus, the Court finds the factors weigh heavily in favor of dismissal.

///

///

///

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED Defendants' Motion is **GRANTED**, and Plaintiff's case is **DISMISSED without prejudice**. IT IS FURTHER ORDERED the hearing set for June 25, 2025, is **VACATED**.

**IT IS SO ORDERED**.

DATED: June 24, 2025

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE